UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-496(DSD/JSM)

Pearson Education, Inc.,
Cengage Learning, Inc., and
The McGraw-Hill Companies, Inc.,

    Plaintiff-Appellants,

v.                                    **ORDER**

Joel Thomas Almgren,

    Defendant-Appellee.

    Timothy J. Pramas, Esq. and Manty & Associates, P.A., 510 First Avenue North, Suite 305, Minneapolis, MN 55403, counsel for plaintiff-appellants.

    Scott A. Johnson, Esq., Todd M. Johnson, Esq. and Johnson Law Group LLP, 10580 Wayzata Boulevard, Suite 250, Minnetonka, MN 55305, counsel for defendant-appellee.

    Appellants Pearson Education, Inc., Cengage Learning, Inc., and the McGraw-Hill Companies, Inc. (collectively, Publishers) appeal the orders of the bankruptcy court[1] striking the demand for a jury trial and denying the motion for attorneys' fees. Based on a review of the file, record and proceedings herein, the court affirms.

---

[1] The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

## BACKGROUND

The underlying matter came before the bankruptcy court as an adversary proceeding pursuant to Rules 7052 and 7054 of the Federal Rules of Bankruptcy Procedure. In February 2009, the Publishers discovered that defendant Joel Thomas Almgren was downloading and selling copyrighted materials. The Publishers sued Almgren for copyright infringement in United States District Court for the Southern District of New York. On October 19, 2009, Almgren filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Minnesota. See Appellants' App. A-10, ECF No. 4. On December 23, 2009, the Publishers filed an adversary complaint in bankruptcy court to determine whether their claims were excepted from discharge pursuant to 11 U.S.C. § 523(a). Id. at A-53. On February 16, 2010, each Publisher filed a proof of claim in the bankruptcy court. Id. at A-58. On June 30, 2010, the Publishers demanded a jury trial pursuant to Rule 9015 of the Bankruptcy Code and Rule 38 of the Federal Rules of Civil Procedure. Id. at A-82.

The bankruptcy court issued an order to show cause why the Publishers' demand for a jury trial should not be stricken. Id. at A-84. Following the responses of the parties, the bankruptcy court struck the demand. Id. at A-86. On August 19, 2010, the Publishers moved for summary judgment as to liability on the copyright infringement claims. The bankruptcy court granted the

motion for summary judgment and held that Almgren infringed 19 copyrights belonging to the Publishers by selling unauthorized copies of copyrighted materials. Id. at A-89.

On January 26, 2011, following trial, the bankruptcy court determined that Almgren caused willful and malicious injury to the Publishers, and, therefore, the debt arising from his conduct was excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). Id. at A-160, A-163-71. The bankruptcy court awarded the Publishers $14,250 in damages and did not award attorneys' fees. Id. at A-173. The Publishers appealed the bankruptcy court's orders with respect to striking the jury demand and declining to award attorneys' fees. The court now considers the appeal.

## DISCUSSION

When an appellant elects to have the district court hear its appeal of a final judgment of the bankruptcy court, the district court "acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." Pension Benefit Guar. Co. v. Falcon Prods., Inc. (In re Falcon Prods., Inc.), 497 F.3d 838, 840-41 (8th Cir. 2007) (citation and internal quotation marks omitted).

**I.   Jury Demand**

In striking the Publishers' jury demand, the bankruptcy court reasoned that dischargeability of debts under 11 U.S.C. § 523 is

within its exclusive jurisdiction, and therefore, "the bankruptcy court may also render a money judgment in an amount certain without the assistance of a jury" because "it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt." Sasson v. Sokoloff (In re Sasson), 424 F.3d 864, 869-70 (9th Cir. 2005) (citation omitted). The bankruptcy court further determined that, even if the Publishers had a right to a jury trial, they waived the right by filing proofs of claim and submitting themselves to the equitable jurisdiction of the bankruptcy court.

The Eighth Circuit has not addressed whether a party is entitled to a jury trial on issues of liability and damages once a bankruptcy court determines an exception to discharge. Opinions of other Courts of Appeals are in conflict. Compare In re Merrill, 594 F.2d 1064, 1068 (5th Cir. 1979) (appellant entitled to jury trial on issues of liability and amount) with In re Sasson, 424 F.3d at 869-70 (no right to a jury on damages) and Porges v. Gruntal & Co., Inc. (In re Porges), 44 F.3d 159, 164 (2d Cir. 1995) (bankruptcy court can decide all disputed matters and decree complete relief).

In the instant action, the court need not determine whether the Publishers had a right to a jury trial under the Seventh Amendment because the Publishers waived any such right by filing proofs of claim. Although "the right to a jury trial is

4

fundamental [and] courts must indulge every reasonable presumption against waiver," the "right to a jury trial in a civil case is not absolute." Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., Inc., 195 F.3d 368, 374 (8th Cir. 1999) (citation and internal quotation marks omitted). "Unlike other constitutional rights ... an intentional relinquishment of the right [to a jury trial] is not required for waiver; the right to a jury trial can be waived by inaction or acquiescence." Africa v. City of Phila. (In re City of Phila. Litig.), 158 F.3d 723, 726 (3d Cir. 1998). In the civil context, a party can readily waive its right to a jury trial through its conduct and without an express intent to do so. See, e.g., Fed. R. Civ. P. 38(d) (party waives right to jury unless demand is properly served and filed); Shelton v. Consumer Prods. Safety Comm'n, 277 F.3d 998, 1011 (8th Cir. 2002) (civil defendant waived right to jury trial by failing timely to demand jury).

In bankruptcy court proceedings, a plaintiff waives his right to a jury trial when he files a claim against the bankrupt estate. In Katchen v. Landy, 382 U.S. 323 (1966), the Supreme Court held that "although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding," he waived his Seventh Amendment right to a jury trial by filing a claim against the bankruptcy estate. Katchen, 382 U.S. at 336. The Court further reasoned:

> [I]n cases of bankruptcy, many incidental
> questions arise in the course of administering

>           the bankrupt estate, which would ordinarily be
>           pure cases at law, and in respect of their
>           facts triable by jury, but, as belonging to
>           the bankruptcy proceedings, they become cases
>           over which the bankruptcy court, which acts as
>           a court of equity, exercises exclusive
>           control. Thus a claim of debt or damages
>           against the bankrupt is investigated by
>           chancery methods.

Id. at 337. Moreover, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." Langenkamp v. Culp, 498 U.S. 42, 45 (1990) (citation omitted).

The broad principles of complete relief articulated in Katchen and Langenkamp apply here. See, e.g., Katchen, 382 U.S. at 338 ("equity courts have power to decree complete relief and for that purpose may accord what would otherwise be legal remedies"); Langenkamp, 498 U.S. at 45 ("By filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power."). Therefore, the bankruptcy court did not err in finding that the Publishers waived their right to jury trial.

**II. Attorneys' Fees**

The award of attorneys' fees is reviewed for abuse of discretion. See Jenkins v. Fitzgerald Marine & Repair, Inc. (In re Fitzgerald Marine & Repair, Inc.), 619 F.3d 851, 863 (8th Cir. 2010). Under the American system, a party pays its own fees and

6

may spend whatever it chooses in pursuit of litigation. When allowed by statute or contract, a party may seek to shift expenses to its opponent. In a copyright infringement action, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States" including an award of "reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Awarding attorneys fees under § 505 "is a matter for the district court's equitable discretion to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." Action Tapes, Inc. v. Mattson, 462 F.3d 1010, 1014 (8th Cir. 2006) (citation and internal quotation marks omitted). "There is no precise rule or formula for making these determinations." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 535 n.19 (1994). Instead, the court considers factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id.

In denying the request for attorneys' fees, the bankruptcy court first considered that the Publishers' motivation in pursuing the litigation against Almgren was "to make an example of [him]." The bankruptcy court next considered the particular circumstances

of the case, and determined that the dispute could have been resolved with limited costs and attorneys' fees if the Publishers had sent Almgren a cease and desist letter instead of immediately filing suit, particularly because Almgren immediately stopped infringing when he received the summons and complaint and because the Publishers were unable to prove any real damages. The bankruptcy court noted that the bankruptcy litigation "could have and should have ended long ago" but the Publishers instead pursued litigation and resisted the court's efforts to facilitate settlement. See Appellants' App. A-174.

The Publishers argue that the bankruptcy court abused its discretion by considering that the dispute could have been resolved more efficiently through other means, such as a cease and desist letter. The court disagrees. The Publishers were entitled to pursue Almgren to the full extent of the law and, therefore, assume substantial attorneys' fees in pursuit of their litigation. The bankruptcy court did not, however, abuse its discretion by considering that the Publishers could have achieved the same or similar result without litigation, as only reasonable attorneys' fees may be awarded. This determination falls within the broad discretion that the bankruptcy court is afforded in determining attorneys' fees.

The Publishers also argue that the bankruptcy court abused its discretion by considering, among other factors, that Almgren "lost

everything" in this action, that the case could have been resolved long ago and that the Publishers refused to settle.  The court disagrees.  Theses factors go to reasonableness, motivation and deterrence, all of which are relevant considerations in determining an award of attorneys' fees.  See Action Tapes, 462 F.3d at 1014.  Moreover, even if the court disagreed with the bankruptcy court's determination, "the stringent abuse-of-discretion review standard requires that" the court "may not simply substitute [its] judgment for that of the" bankruptcy court.  Fisher v. Wal-Mart Stores, Inc., 619 F.3d 811, 819 (8th Cir. 2010).  The bankruptcy court considered relevant factors in determining that attorneys' fees were not warranted.  The bankruptcy court, therefore, did not abuse its discretion in denying attorneys' fees.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The order of the bankruptcy court striking the jury demand is affirmed; and

2.   The order of the bankruptcy court denying attorneys' fees is affirmed.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  July 14, 2011

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court